```
Carol G. Unruh, #102929
LAW OFFICES OF CAROL G. UNRUH
3000 S. Robertson Blvd., Suite 215
Los Angeles, CA 90034
Tel(310) 842-9660, Fax (310) 842-9664


Attorney for Defendants
```

**FILED & ENTERED**

**JAN 14 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY tatum       DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>AVIS RICHELLE COPELIN,<br><br>        Debtor<br><br>AVIS RICHELLE COPELIN,<br><br>        Plaintiff<br><br>vs.<br><br>GREAT WESTERN CAPITAL, LLC,<br>AMBER INVESTMENTS GROUP, INC.,<br>NARA INVESTMENTS GROUP, LLC,<br>DOES 1 TO 20,<br><br>        Defendant(s) | Chapter 11<br><br>Case No. 2:13-bk-32580 RK<br>Adv. No. 2:14-ap-01454 RK<br><br>**FINDINGS OF FACT AND**<br>**CONCLUSIONS OF LAW**<br><br>Date:  11/05/14<br>Time:  1:30 P.M.<br>Ctrm:  1675 Roybal Bldg. |

After consideration of the papers in support of and in opposition, if any, to Defendants' Motion for Summary Judgment and oral argument, if any, the Court determines that the following facts have been established as:

**UNCONTROVERTED FACTS**

1. On August 30, 2005, Plaintiff herein, Avis Richele Copelin, executed a promissory note in the amount of $1,200,000.00 secured by a first deed of trust in favor of lender First Franklin regarding that certain real property located at 4629 Talofa Ave., Toluca Lake, CA 91602. APN 2420-020-011 ("the property"). The deed of trust was recorded on September 2, 2005 in the Office of the Recorder of Los Angeles County as recording number 05-2125528.

[Defendants' Request For Judicial Notice, Exhibit 1].

2. On August 30, 2005, Plaintiff herein, Avis Richelle Copelin, executed a promissory note in the amount of $300,000.00 secured by a second deed of trust in favor of First Franklin regarding the property. The deed of trust was recorded on September 2, 2005 in the Office of the Recorder of Los Angeles County as recording number 05 2125529.

[Defendants' Request For Judicial Notice, Exhibit 2].

3. March 27, 2007, Plaintiff herein, Avis Richelle Copelin, executed a grant deed transferring her interest in the property to Holy Nation Entertainment, Inc. The grant deed was recorded on December 10, 2007 in the Office of the Recorder of Los Angeles County as recording number 20072705526.

[Defendants' Request For Judicial Notice, Exhibit 3].

4. On September 15, 2008, Plaintiff herein, Avis Richelle Copelin, executed a grant deed transferring her interest in the property to Armen Hovhannisian. The grant deed was recorded on September 18, 2008 in the Office of the Recorder of Los Angeles

Main Document    Page 3 of 10

1  County as recording number 20081687049.
2          [Defendants' Request For Judicial Notice, Exhibit 4].
3  5.   On December 22, 2008, the beneficiary of the promissory note
4  and second deed of trust on the property exercised the power of
5  sale contained therein and conducted a foreclosure sale. The
6  purchaser of the property was Siboney A. Monge, Trustee To The
7  Talofa 4629 Trust. A Trustees Deed upon Sale was recorded on
8  December 24, 2008 in the Office of the Recorder of Los Angeles
9  County as recording number 20082254894.
10          [Defendants' Request For Judicial Notice, Exhibit 5].
11 6.   On May 7, 2009 Siboney Monge conveyed an interest in the
12 property to Alvina Hiznay. A Grant Deed was recorded on May 22,
13 2009 in the Office of the Recorder of Los Angeles County as
14 recording number 20090767420.
15          [Defendants' Request For Judicial Notice, Exhibit 6].
16 7.   On December 11, 2009, Alvina Hiznay executed a deed of trust
17 regarding the property in favor of Nicklaus Seward and Marina
18 Avetisyan. This junior deed of trust was recorded on December 16,
19 2009 in the Office of the Recorder of Los Angeles County as
20 recording number 20091911259.
21          [Defendants' Request For Judicial Notice, Exhibit 7].
22 8.   On July 7, 2010, the beneficiaries of the junior deed of
23 trust conducted a foreclosure sale of the property. Title to the
24 property was conveyed to beneficiaries Nicklaus Seward and Marina
25 Avetisyan. A Trustee's Deed upon Sale was recorded on July 12,
26 2010 in the Office of the Recorder of Los Angeles County as
27 recording number 20100943787.
28          [Defendants' Request For Judicial Notice, Exhibit 8].

-3-

9.   On April 18, 2011, the Superior Court Of California, County Of Los Angeles entered a judgment in case number EC049804 (c/w BC421897) declaring US Bank to be the beneficiary of the first deed of trust on the property. The judgment also declared a purported reconveyance of the deed of trust to Avis Copelin to be a forgery, null and void, of no effect and ordered it to be expunged from the records of the County Recorder's Office. This judgment was recorded on April 20, 2011 in the Office of the Recorder of Los Angeles County as recording number 20110572273.

[Defendants' Request For Judicial Notice, Exhibit 9].

10.  On August 12, 2013, US Bank, the beneficiary under the promissory note and first deed of trust on the property, exercised the power of sale contained therein and conducted a foreclosure sale. The purchasers of the property were Great Western Capital, LLC (40%), Amber Investments Group, Inc. (30%), and NARA Investments Group, LLC (30%). A Trustee's Deed upon Sale was recorded on August 15, 2013 in the Office of the Recorder of Los Angeles County as recording number 20131201002.

[Defendants' Request For Judicial Notice, Exhibit 10].

11.  On August 21, 2013, Great Western Capital, LLC, Amber Investments Group, Inc., and NARA Investments Group, LLC filed in the Superior Court of California, County of Los Angeles, a complaint for unlawful detainer entitled " Great Western Capital, LLC, et al v. Nicklaus Seward, et al", case number 13R07067.

[Defendants' Request for Judicial Notice, Exhibit 11].

12.  Plaintiff herein, Avis Richelle Copelin, was not named as a defendant or served with the complaint in the unlawful detainer action.

1 [Plaintiff's Verified Complaint, page 4, lines 12-13].

2 13.  Plaintiff herein, Avis Richelle Copelin, was not named in the summons in the unlawful detainer action.

[Plaintiff's Verified Complaint, page 4, lines 18-19].

14.  Plaintiff herein, Avis Richelle Copelin, filed a voluntary bankruptcy petition, case number 2:13-bk-32580 RK, on September 10, 2013.

[Declaration of Carol G. Unruh].

15.  Great Western Capital, LLC, Amber Investments Group, Inc., and NARA Investments Group, LLC were not listed as creditors or parties in interest in the bankruptcy filing and did not receive notice of the filing through the Bankruptcy Court.

[Declaration of Carol G. Unruh].

16.  Plaintiff herein, Avis Richelle Copelin, listed her residence address on her bankruptcy petition as 144 N. Valley Street, Burbank, CA 91505, and none other. She did not list another address as a mailing address.

[Declaration of Carol G. Unruh].

17.  Plaintiff herein, Avis Richelle Copelin,  stated in her bankruptcy schedules, filed on September 24, 2013, that she owned the real property located at 144 N. Valley Street, Burbank, CA 91505 and no other real property.

[Declaration of Carol G. Unruh].

18.  Plaintiff herein, Avis Richelle Copelin, failed to list in her bankruptcy schedules, filed on September 24, 2013, that she had a potential claim against anyone regarding the August 12, 2013 foreclosure sale.

[Declaration of Carol G. Unruh].

-5-

19. Plaintiff herein, Avis Richelle Copelin, in her Statement of Financial Affairs filed on September 24, 2013 in the bankruptcy case, stated that she had not resided at another location within the three years preceding the filing of the bankruptcy case.

[Declaration of Carol G. Unruh].

20. Plaintiff herein, Avis Richelle Copelin, in her Statement of Financial Affairs filed on September 24, 2013 in the bankruptcy case, stated that she did not hold or control any property belonging to another person.

[Declaration of Carol G. Unruh].

21. Plaintiff herein, Avis Richelle Copelin, in her Statement of Financial Affairs filed on September 24, 2013 in the bankruptcy case, stated that she was not and had not been a party to any lawsuit or administrative proceedings within the one year preceding the filing of the bankruptcy case.

[Declaration of Carol.G. Unruh].

22. Plaintiff herein, Avis Richele Copelin, in her Statement of Financial Affairs filed on September 24, 2013 in the bankruptcy case, stated that she had not had any property that had been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to a seller within the one year preceding the filing of the bankruptcy case.

[Declaration of Carol G. Unruh].

23. On October 23, 2013, judgment was entered in the Superior Court unlawful detainer action. Plaintiff herein, Avis Richelle Copelin, was not named in that judgment. On November 4, 2013, a

writ of possession was issued by the Superior Court.

  [Plaintiff's Verified Complaint, page 4, line 21 to page 5, line 1].

24. On November 19, 2013, Plaintiff herein, Avis Richelle Copelin, filed in the Superior Court an ex parte application to shorten time to hear a motion to set aside the unlawful detainer judgment. That application was denied without prejudice to her filing a postjudgment claim of right to possession.

  [Defendants' Request For Judicial Notice, Exhibits 12 and 13].

25. On November 19, 2013 Plaintiff herein, Avis Richelle Copelin, filed in the Superior Court a postjudgment claim of right to possession regarding the property located at 4629 Talofa Ave., Toluca Lake, CA 91602 and renewed her application for shortened time to hear a motion to vacate the judgment. The Court set a hearing on those matters for November 25, 2013.

  [Defendants' Request For Judicial Notice, Exhibit 12].

26. On November 25, 2013 the Superior Court continued the hearing on Copelin's motion and claim of right to possession to December 11, 2013.

  [Defendants' Request For Judicial Notice, Exhibits 12 and 14].

27. On December 11, 2013, the Superior Court continued the hearing on Copelin's motion and claim of right to possession to December 30, 2013 due to Copelin's bankruptcy and instructed Plaintiff in that action (Great Western, et al) to give notice.

  [Defendants' Request For Judicial Notice, Exhibits 12 and 15].

28. On December 30, 2013, the Superior Court continued Copelin's motion and claim of right to possession to January 27, 2014 due to Copelin's bankruptcy and instructed Plaintiff in that action (Great Western, et al) to give notice.

[Defendants' Request For Judicial Notice, Exhibit 12].

29. Plaintiff herein, Avis Richelle Copelin, received a discharge in the bankruptcy case on December 30, 2013.

[Declaration of Carol G. Unruh].

Based on the foregoing uncontroverted facts, the Court now makes its

**CONCLUSIONS OF LAW**

1. On August 12, 2013, Plaintiff herein, Avis Richelle Copelin, did not have an ownership interest in the real property located at 4629 Talofa Ave., Toluca Lake, CA 91602, APN 2420-020-011.

2. Defendants Great Western Capital, LLC, Amber Investments Group, Inc., and NARA Investments Group, LLC could not have violated the automatic stay pursuant to 11 U.S.C. §362(a) by not naming Plaintiff herein, Avis Richelle Copelin, as a defendant in Superior Court case number 13R07067 filed on August 21, 2013.

3. The real property located at 4629 Talofa Ave., Toluca Lake, CA 91602, APN 2420-020-011, was never an asset of the bankruptcy estate created by the filing of Plaintiff's bankruptcy case, number 2:13-bk-32580 RK on September 10, 2013, because Plaintiff had no interest in that property on that date.

4. Defendants Great Western Capital, LLC, Amber Investments Group, Inc., and NARA Investments Group, LLC did not

-8-

1 violate the automatic stay pursuant to 11 U.S.C. §362(a) on September 13, 2013, when the summons and complaint in Superior Court case number 13R07067 were served on defendants other than Plaintiff herein, Avis Richelle Copelin, who was not served.

5. Defendants Great Western Capital, LLC, Amber Investments Group, Inc., and NARA Investments Group, LLC did not violate the automatic stay pursuant to 11 U.S.C. §362(a) when the Superior Court entered judgment in case number 13R07067 on October 2, 2013 against defendants other than Plaintiff herein, Avis Richelle Copelin, against whom judgment was not entered.

6. Defendants Great Western Capital, LLC, Amber Investments Group, Inc., and NARA Investments Group, LLC did not violate the automatic stay pursuant to 11 U.S.C. §362(a) when the Superior Court set hearings for November 19, 2013, November 25, 2013, December 11, 2013, and December 30, 2013, as a result of the pleadings filed in that court by Plaintiff herein, Avis Richelle Copelin.

7. Due to the discharge entered by the Court in Plaintiff's bankruptcy case, number 2:13-bk-32580 RK on December 30, 2013, there could be no violation of the automatic stay by Defendants after that date.

8. Plaintiff herein, Avis Richelle Copelin, has failed to meet her burden of proof to show that there has been a willful violation of the automatic stay pursuant to 11 U.S.C. §362(a) by Defendants.

///

///

///

-9-

Judgment shall be entered in Defendants' favor consistent herewith.

IT IS SO ORDERED.

###

Date: January 14, 2015

Robert Kwan
United States Bankruptcy Judge

-10-